IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS PENSION FUND and ) <br> HOWARD MCDOUGALL, as trustee, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> OSSEO LUMBER CENTER, INC., a Minnesota ) <br> corporation, ) <br> ) <br> Defendant. ) | No. 07 C 4551 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall filed the instant action against defendant Osseo Lumber Center under Employment Retirement Income Security Act of 1974 ("ERISA") as amended by Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 et seq, seeking to vacate the May 29, 2007 award of the arbitrator requiring plaintiffs to pay defendant's share of arbitrator's fees and later seek reimbursement. Plaintiffs then moved for summary judgment asking the court to vacate the arbitrator's award. For the reasons discussed below, the motion for summary judgment is granted.

## FACTS

Plaintiffs are a multiemployer pension plan, along with its trustee, within the meaning of ERISA. Defendant entered into collective bargaining agreements with a union, the terms of which required defendant to submit contributions to the plaintiffs. On May 23, 2004, defendant ceased participation in plaintiffs' plan. Consequently, plaintiffs determined that defendant incurred withdrawal liability to plaintiffs in accordance with 4201(b) of ERISA, 29 U.S.C. §

1381(b). On November 18, 2004, plaintiffs demanded payment of the withdrawal liability from defendants. On or about January 24, 2005, defendant received notice that its payment for withdrawal liability was past due. Subsequently, defendant requested a review of the withdrawal liability assessment. Plaintiffs conducted a review and affirmed the assessment against defendant. Thus, defendant initiated arbitration on May 23, 2005, due to the unsatisfactory review.

Before the arbitration, on April 4, 2005, plaintiffs filed a complaint in this court seeking collection of interim withdrawal liability payments from defendant. This court granted plaintiffs' motion for summary judgment on November 14, 2005, granted monetary relief against defendant, and also award plaintiffs attorney's fees and costs. Plaintiffs then issued a citation on January 18, 2006, in supplemental proceedings to discover assets and to ensure there was no dissolution of these assets. The citation froze defendant's assets.

Subsequently, on May 23, 2005, defendant initiated arbitration of plaintiffs' withdrawal liability assessment with the Chicago Regional Office of the American Arbitration Association ("AAA") in <u>Osseo Lumber Center, Inc. And Central States, Southeast and Southwest Areas Pension Fund</u>, No. 51-621-00861-05. Plaintiffs moved for summary judgment and requested attorney's fees and costs. On February 15, 2007, the arbitrator granted plaintiffs' motion for summary judgment. Further, plaintiffs were awarded attorney's fees because the arbitrator found that defendant acted in bad faith and had no reasonable basis to defend the arbitration. Finally, the arbitrator submitted a bill for the arbitration fees payable by defendant and plaintiffs equally in the amount totaling $4,500.00. Defendant and plaintiffs were responsible for their respective

halves, or $2,750.00 each. On March 15, 2007, plaintiffs filed a motion for attorney's fees in accordance with the February 15, 2007, decision.

On May 28, 2007, addressing plaintiffs' motion for attorney's fees, the arbitrator granted plaintiffs some attorney's fees and held they were not entitled to costs. The arbitrator also ordered plaintiffs to pay defendant's share of the arbitration fee ($2,750.00) for the initial case decided on February 15,2 007, and the arbitration fee for the May 28, 2007, decision. In this decision, the arbitrator reasoned that defendant did not pay its share of the arbitration fee because plaintiffs would not agree to release defendant's share of the arbitrator's fee from defendant's frozen assets. The arbitrator stated that although plaintiffs did offer to compromise to allow defendant to pay its share of the arbitration fee, defendant was not bound to accept the compromise. Therefore, the arbitrator ordered plaintiffs to pay defendant's share of the arbitrator's fees. It further ordered that plaintiffs would be reimbursed from the frozen defendant funds.

Subsequently, on June 18, 2007, plaintiffs filed a motion asking the arbitrator to reconsider ordering it to pay defendant's share of arbitration fees. The motion was denied on July 23, 2007.

Thus, plaintiffs' filed the instant action against defendant under ERISA as amended by MPPAA, and plaintiffs filed the instant motion for summary judgment asking the court to vacate the May 28, 2007, judgment of the arbitrator requiring plaintiffs to pay defendant's share of the arbitrator's fees and later seek reimbursement.

**DISCUSSION**

The MPPAA was enacted to address the effect of employer withdrawals from the multiemployer pension plans. It provides that when an employer withdraws from a multiemployer plan, it must pay withdrawal liability to the pension plan. Connolly v. Pension Ben. Guaranty Corp., 475 U.S. 211, 217 (1986). Employers must pay withdrawal liability once they "withdrew" or cease making contributions to the plan. Alternatively, employers must also pay withdrawal liability if they reduce their obligations in such a way to trigger a partial withdrawal. 29 U.S.C. § 1383, 1385. If a pension plan assesses withdrawal liability on an employer, the employer may ask the plan to review its assessment. 29 U.S.C. § 1399(b)(2). If the review is unsatisfactory, then the employer can initiate arbitration. 29 U.S.C. § 1401(a)(1). Reasonable attorney fees may be awarded by an arbitrator if a party initiates or contests the arbitration in bad faith or engages in dilatorily, harassing, or other improper conduct. ERISA § 4221(a)(2), 29 C.F.R. § 4221.10(c). The arbitrator's decision can be enforced, vacated, or modified by a subsequent federal court action. 29 U.S.C. § 1401(b)(2).

Further, under ERISA, an arbitrator's conclusions of law are subject to a de novo review. Factual determinations are to be set aside only if clearly erroneous. Central States, Southeast & Southwest Areas Pension Fund v. Midwest Motor Express, Inc., 181 F.3d 799, 804-805 (7th Cir. 1999). In the instant case, plaintiffs are requesting review of the arbitrator's decision requiring plaintiffs to pay defendant's share of arbitration fees and alter seek reimbursement. No facts are in dispute, and the issue turns on whether the statute and AAA rules allow the arbitrator to make such a decision. Therefore, a de novo standard of review is appropriate in the instant actions.

The MPPAA, the regulations, and AAA rules state that the parties to an arbitration will bear the costs of the arbitration equally unless the arbitrator determines otherwise or the parties agree to a different allocation. See 29 C.F.R. § 4221.10(b); § 47(c) of the AAA's Multiemployer Pension Plan Arbitration Rules for Withdrawal Liability Disputes. According to these rules, an arbitrator can access all arbitration costs to one party or another. There is no basis in the rules, however, for an arbitrator to assess arbitration costs equally to both parties (as in the instant case), direct one party to front all costs, and then direct that party to seek reimbursement from the other party. Additionally, the arbitrator found that the defendant initiated the arbitration in bad faith. To now hold the plaintiffs responsible for the arbitration fees for an arbitration brought in bad faith by defendant is simply unwarranted and not within the meaning of the rules. The arbitrator in this case is essentially worried she will be left partially unpaid and is making her bill a priority over the citation held by the plaintiffs. Further, the arbitrator cannot force plaintiffs to pay defendant's share and act as a creditor to collect debts on her behalf.

Therefore, plaintiffs are entitled to summary judgment modifying the arbitrator's fee decision to vacate the direction that plaintiffs are required to pay defendant's share of the arbitrator's fees for the February 15, 2007, and May 28, 2007, arbitration decision and later seek reimbursement from defendant. Finally, plaintiffs are not required to pay defendant's attorney's fees in defending the instant action because plaintiffs did have a substantial justification for requesting the arbitrator's decision be modified.

**ENTER:** May 29, 2008

_____
**Robert W. Gettleman**
**United States District Judge**